UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 3:14-cv-00854

| | |
|---|---|
| Kristin Helwig,<br><br>   Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc., a Florida Corporation, d/b/a Diversified Credit, Inc. and DISH Network L.L.C.,<br><br>   Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff is suing the Defendant debt collector Diversified Consultants because the Defendant harassed the Plaintiff for months with collection robo-calls on behalf of the Defendant Dish TV. The Plaintiff is not the alleged debtor.

2. Defendants persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the

tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* in their illegal efforts to collect a consumer debt.

6. Venue is proper in this District because the Defendants may be found in this District, and some of the acts and transactions occurred in this District.

## PARTIES

7. Plaintiff Kristin Helwig (hereinafter "Plaintiff") is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8. Plaintiff received multiple collection communications from and on behalf of Defendants while in Wisconsin on the T-Mobile cellular telephone that is the subject of this litigation.

9. Plaintiff regularly and systematically travels throughout Wisconsin and within this District many times a year to visit family, visit friends, attend social events, and to conduct other business and commerce within this District.

10. Plaintiff regularly and systematically travels throughout Wisconsin and within this District carrying and in possession of the T-Mobile cellular telephone that is the subject of this litigation.

11. Defendant Diversified Consultants, Inc., (hereinafter "Defendant DCI") is a Florida Corporation, registered in Wisconsin as a foreign business corporation authorized to conduct business in Wisconsin.

12. Defendant DCI has a registered agent of process located at 901 S Whitney Way, Madison, WI 53711 authorized to accept service within the State of Wisconsin.

13. Defendant DCI is a national debt collection company that continuously and systematically engages in its business of collecting debts in the state of Wisconsin, and using telephone numbers within Wisconsin.

14. Defendant DCI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Defendant DISH Network L.L.C. (hereinafter "Dish") is a national corporation, incorporated under the laws of Colorado, from an address of 9601 S Meridian Blvd., Englewood, CO 80112 that regularly conducts business in Wisconsin.

16. Defendant Dish has a registered agent of process located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717 authorized to accept service within the State of Wisconsin.

17. Defendant Dish is a national satellite television provider that continuously and systematically engages in its business of paid satellite television services in the state of Wisconsin, and using its satellite television equipment and signals within Wisconsin to its customers throughout the State.

18. Defendant Dish hired Defendant DCI to collect debts allegedly due to Dish.

19. The acts of Defendant DCI relating to the Plaintiff were conducted on behalf of Defendant Dish, and with the consent, approval, and/or ratification of Defendant Dish.

20. The Plaintiff alleges that at all times herein mentioned, Defendant DCI was, and is now, the servant, employee, and/or other representative of the other Defendant Dish, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or

ratification of Defendant Dish. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## FACTUAL ALLEGATIONS

21. On and after December 10, 2013, and within one year immediately preceding the filing of this complaint, Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted satellite television bill from Defendant Dish.

22. On and after December 10, 2013, and within one year immediately preceding the filing of this complaint, Defendant DCI and the collectors employed by Defendant DCI, and on behalf of Defendant Dish, repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

23. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

24. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

25. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

26. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443 (7th Cir. Ill. 2010). This Court has ruled that because of the Seventh Circuit's ruling in *CE Design,* it "borders on frivolous" to attempt to challenge this FCC Order in a District Court. *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919, 928-929 (W.D. Wis. 2013)(vacated after settlement).

### *Illegal Auto-Dialed Collection Calls*

27. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

28. Without Plaintiff's prior express consent, Defendant Dish and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least (5) times.

29. Without Plaintiff's prior express consent, Defendant DCI and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least (258) times, with many calls after Plaintiff told Defendant that she was the wrong party and told Defendants to stop calling her.

30. Plaintiff's voicemail system specifically identified her by the name "Kristin Helwig" on the voicemail message when the phone was called, making the repeated calls to it by these Defendants willful.

31. Defendants were on specific notice that the phone was not associated with the person they were attempting to collect a debt from, upon good faith information and belief, "Brandy Will", making these automated calls to Plaintiff willful.

32. Many of these calls to Plaintiff contained a pre-recorded and/or synthesized message in violation of the TCPA because they were sent to Plaintiff without her prior express consent.

33. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to her cell phone or to send her prerecorded and/or synthesized messages on her cell phone.

34. Upon good faith information and belief, Defendants used the services of a company called "Livevox" to aid them in making all or some of the calls complained-of herein.

35. Upon good faith information and belief, the Defendants used their Dialogic calling equipment to aid them in making all or some of the calls complained of herein.

36. Plaintiff did not have any business whatsoever with Defendant DCI.

37. Plaintiff has never had an account with Defendant Dish.

38. Plaintiff has never co-signed on any account with Defendant Dish.

39. Plaintiff has never had any services or agreement of any kind with Defendant Dish.

40. Plaintiff has never given out her cellular telephone number to Defendant DCI or its collectors, or to Defendant Dish.

41. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

42. Prior to July 2013, Defendant DCI had been sued more than five times for violations of the TCPA.

43. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

### *Summary*

44. All of the above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendant DCI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

45. The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left alone.

46. These autodialed collection calls disrupted Plaintiff's sleep.

47. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

48. Defendants' actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (651) 800-8617 for which the Plaintiff paid money.

49. Plaintiff was charged money for each call that Defendant made to Plaintiff's cellular phone.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

## AS TO DEFENDANT DCI ONLY

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant DCI and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

53. As a result of Defendant DCI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant DCI herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

## AS TO BOTH DEFENDANTS

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Within the four year period immediately preceding this action, the Defendants made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

56. The acts and/or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

57. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

58. Defendants did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

59. Under 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

60. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. Section 227(b)(3).

61. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

62. The Defendant Dish is responsible and liable for Defendant DCI's violations of the TCPA.

# COUNT III.

# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

# AS TO BOTH DEFENDANTS

63. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

64. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

65. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
> 15 U.S.C. § 6801(a) (emphasis added).

66. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and calling Plaintiff's cellular telephone, and thereby invaded Plaintiff's privacy.

67. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

68. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

69. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

70. Wisconsin has recognized the right to privacy in Wis. Stat. § 995.50.

71. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendants in an amount to be determined at trial.

72. Defendant Dish is responsible and liable for the acts of Defendant DCI complained-of herein, in that DCI's actions were conducted within the scope of the authority given to DCI by Defendant Dish.

73. Defendant Dish knew or should have known that DCI has been sued numerous times in the past for harassing consumers while collecting debts.

74. Defendant Dish had the authority and ability to control the particular methods used to collect the alleged debt, and/or had the ability to refuse to contract with Defendant DCI without such authority.

### COUNT IV.

### VIOLATIONS OF THE WISCONSIN CONSUMER ACT

### WIS. STAT. CHAPTER 427

### AS TO BOTH DEFENDANTS

75. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

76. The debt that the Defendants were attempting to collect occurred based upon the consumer credit transaction between the Defendants and another consumer, as described herein.

77. The amount that the Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. State. 427.103(1).

78. Defendants' conduct violated the debt collection provisions of the Wisconsin Consumer Act as set forth in Chapter 427 of the Wisconsin Statutes.

79. Defendants' conduct violated 427.104(1)(h) in that the Defendants' conduct as described herein could reasonably be expected to harass a person related to the customer from which the Defendants were attempting to collect.

80. As a result of the Defendants' illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

81. Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

82. Defendant Dish is responsible and liable for the acts of Defendant DCI complained-of herein, in that Defendant DCI's actions were conducted within the scope of the authority given to Defendant DCI by Defendant Dish.

83. Defendant Dish knew or should have known that Defendant DCI has been sued numerous times in the past for harassing consumers while collecting debts.

84. Defendant Dish had the authority and ability to control the particular methods used to collect the alleged debt, and/or had the ability to refuse to contract with Defendant DCI without such authority.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

## AS TO DEFENDANT DCI ONLY

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant DCI and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant DCI and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant DCI and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

## AS TO BOTH DEFENDANTS

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

## AS TO BOTH DEFENDANTS

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

## COUNT IV.

## VIOLATIONS OF THE WISCONSIN CONSUMER ACT

## WIS. STAT. CHAPTER 427

## AS TO BOTH DEFENDANTS

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105; and

- for such other and further relief as may be just and proper.

                                        Respectfully Submitted,

Dated: December 9, 2014           **BARRY & HELWIG, LLC**

                        By: **s/ Peter F. Barry**
                             Peter F. Barry, Esq.
                             MN Attorney I.D.#0266577
                             Patrick J. Helwig, Esq.
                             MN Attorney I.D.#0391787
                             2701 University Ave. SE, Suite 209
                             Minneapolis, Minnesota 55414-3236
                             Telephone:  (612) 379-8800
                             Facsimile: (612) 379-8810
                             pbarry@lawpoint.com

pfb/ra                                       **Attorneys for Plaintiff**

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA     )
                                              ) ss
COUNTY OF RAMSEY     )

Pursuant to 28 U.S.C. § 1746, Plaintiff Kristin Helwig, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12___  ___9___, ___2014___
               Month         Day         Year

_[signature]_
Signature