IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRISTIN HELWIG,

                                    Plaintiff,

OPINION AND ORDER

14-cv-854-bbc

   v.

DIVERSIFIED CONSULTANTS, INC.
and DISH NETWORK LLC,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Kristin Helwig contends that defendant Diversified Consultants, Inc. made repeated collection calls on behalf of defendant DISH Network LLC to her cell phone using automated dialing equipment in an attempt to collect a debt associated with another person, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and other federal and state laws. Along with its answer to the complaint, defendant Diversified Consultants filed a motion to stay this case pending the Federal Communications Commission's resolution of several petitions for a declaratory ruling on whether automated calls to a wrong or reassigned telephone number constitutes a good faith defense under the Telephone Consumer Protection Act. Dkt. #14. Although defendant DISH Network has not joined the motion, it filed a short brief stating that it agrees that a stay should be issued. Dkt. #20. Also before the court is plaintiff's motion for leave to file a surreply to discuss a case decided after plaintiff filed her opposition brief and cited by defendant in its reply brief. Dkt. #22.

1

I will deny the motion to stay because the benefits of a stay are speculative and granting the stay would unduly prejudice plaintiff. The motion to file a surreply will be denied as unnecessary.

OPINION

"The Telephone Consumer Protection Act . . . is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call." Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012). Specifically, § 227(b)(1)(A)(iii) of the Act prohibits calls using an automatic telephone dialing system or an artificial or prerecorded voice "to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call," without "the prior express consent of the called party."

In this case, plaintiff alleges that defendant Diversified Consultants made approximately 300 "robo-calls" to her cell phone without her prior express consent in an attempt to collect the debt of someone named "Brandy Will." Cpt., dkt. #1. Plaintiff alleges that she informed defendant that she was not the debtor and told defendant to stop calling her. Id. at ¶ 29. In addition, plaintiff's voicemail system specifically identified her by the name "Kristin Helwig" when the phone was called by defendant. Id. at ¶ 30. Defendant Diversified Consultants explains that plaintiff's alleged cell phone number had

2

been provided by "Brandie W." to defendant DISH Network, which placed Brandie's account with Diversified Consultants for collection on or around November 22, 2013. Dkt. #16 at ¶ 2. Defendant Diversified Consultants denies any knowledge that the phone number was not associated with the debtor and asserts that it had Brandie's express consent to call the cell phone. Aswr., dkt. #17 at ¶¶ 29-31.

Defendant Diversified Consultants has moved to stay all proceedings under the primary jurisdiction doctrine on the ground that the Federal Communications Commission is considering at least three petitions for declaratory ruling on the issue of whether the Telephone Consumer Protection Act imposes liability for automated phone calls to wrong numbers or to numbers that have been reassigned to another person. Dft.'s Br., dkt. #14 at 3-4 (identifying three petitions filed in early 2014). The primary jurisdiction doctrine allows courts to stay proceedings pending the resolution of an issue within the special competence of an administrative agency. United States v. Western Pacific Railroad Co., 352 U.S. 59, 63-64 (1956); Illinois Bell Telephone Co. v. Global NAPs Illinois, Inc., 551 F.3d 587, 594 (7th Cir. 2008). The Court of Appeals for the Seventh Circuit has explained that the doctrine "applies only when . . . an issue arises that is within the exclusive original jurisdiction of the regulatory agency to resolve, although the agency's resolution of it will usually be subject to judicial review. Cases in which a court refers an issue to an agency because of the agency's superior expertise . . . rather than because of the agency's jurisdiction, are not felicitously described as cases of primary jurisdiction." Arsberry v. Illinois, 244 F.3d

3

558, 563 (7th Cir. 2001). The Court of Appeals for the Ninth Circuit has reached a similar conclusion:

> The doctrine does not require that all claims within an agency's purview be decided by the agency. Nor is it intended to "secure expert advice" for the courts from regulatory agencies every time a court is presented with an issue conceivably within the agency's ambit. Primary jurisdiction is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency.

Brown v. MCI WorldCom Network Services, Inc., 277 F.3d 1166, 1172 (9th Cir. 2002).

Although there is "no fixed formula" for applying the primary jurisdiction doctrine, Arsberry, 244 F.3d at 563-64, the parties in this case agree that courts often consider the following factors: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002). See also Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048–49 (9th Cir. 2011) (noting doctrine provides deference to agency when issue is not within "conventional experiences of judges"; "involves technical or policy considerations within the agency's particular field of expertise"; "is particularly within the agency's discretion"; and "there exists a substantial danger of inconsistent rulings").

Defendant argues that a stay is appropriate because the pending petitions address the exact issue presented in this case; the issue is one of first impression before the commission

(which has authority to implement the Act); a stay will promote judicial economy and uniform administration of the Act; and plaintiff cannot claim that she will suffer any significant prejudice. In support of its argument, defendant cites several cases in which federal district courts have stayed cases pending the outcome of similar petitions involving liability for automated calls to incorrect or reassigned cellular numbers. E.g., Gensel v. Performant Technologies, Inc., No. 13-c-1196, 2015 WL 402840 (E.D. Wis. Jan. 28, 2015) (stay will promote uniformity and allow FCC to provide definitive guidance on issues before court); Heinrichs v. Wells Fargo Bank, N.A., No. 13-cv-05434, 2014 WL 2142457 (N.D. Cal. April 15, 2014) (staying case six months because petitions involve "particularly complicated issue that needs uniformity in administration"); Matlock v. United Healthcare Services, Inc., No. 13-02206, 2014 WL 1155541 (E.D. Cal. Mar. 20, 2014) (stay warranted because comments on petition due in near future; judicial decision may undermine FCC's anticipated ruling; and plaintiff would not be prejudiced by delay); Gusman v. Comcast Corp., No. 13CV1049, 2014 WL 2115472 (S.D. Cal. May 21, 2014) (noting courts divided on issues raised in petitions; FCC likely to clarify applicability of regulation; and plaintiff would not suffer prejudice because calls had stopped).

On the other hand, plaintiff has cited a number of cases in which federal courts have declined to stay litigation in these circumstances. E.g., Prater v. Medicredit Inc., 45 F. Supp. 3d 1038 (E.D. Mo. 2014) (refusing to issue stay pending ruling on petitions addressing whether express consent attaches to cellular number or actual recipient of call and whether safe harbor exists for calls to reassigned number); Shehan v. Wells Fargo Bank N.A., No.

1:14-CV-00900-JHE, 2014 WL 5529365, at *1 (N.D. Ala. Nov. 3, 2014) (same); Jordan v. Nationstar Mortgage LLC, No. 14-CV-00787-WHO, 2014 WL 5359000, at *1 (N.D. Cal. Oct. 20, 2014) (declining stay pending various petitions to commission, including one asking whether liability arises for calls to reassigned number).  Although plaintiff appears to concede that the Federal Communications Commission has rulemaking authority with respect to the issue in this case, she argues that it is unclear if or when the commission may issue a ruling and that guidance is not needed from the commission because the Court of Appeals for the Seventh Circuit resolved the question of liability with respect to calls to incorrect or reassigned cellular numbers in Soppet, 679 F.3d 637.

In Soppet, the court of appeals was asked to construe the meaning of "made with the prior express consent of the called party" in 47 U.S.C. § 227(b)(1).  In that case, the defendant had received express consent from its customer to be called at the cell phone number but continued using automatic dialing to call the number even after it was later reassigned to someone else who was not a customer and had not given consent.  Soppet, 679 F.3d at 639.  The defendant argued that the phrase "called party" should be construed to mean "intended recipient" so that a customer's consent remained valid even after a number was assigned to someone else, at least until consent was withdrawn.  Id. at 640.  The court rejected that argument, concluding that "[c]onsent to call a given number must come from its current subscriber."  Id. at 641.  See also Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251-52 (11th Cir. 2014) (finding Soppet persuasive).

6

Defendant contends in its reply brief that the decision of the U.S. District Court for the Eastern District of Wisconsin in Gensel, 2015 WL 402840, contradicts plaintiff's assertion that Soppet resolves the issues involved in this case. However, even though the court in Gensel issued a stay in part because one petition seeks clarification whether there is a safe harbor for autodialed "wrong number" calls, id. at *5, it never discussed Soppet. (Because defendant first cited Gensel in its reply brief, plaintiff has asked for leave to file a surreply to address that case. Dkt. #22. I am denying plaintiff's motion as unnecessary because the unpublished opinion in Gensel is not controlling precedent and has not persuaded me to issue a stay in this case.)

After considering the cases cited by the parties and the relevant factors, I agree with plaintiff that Soppet addresses one of the very matters at issue in this case and in the petitions before the commission. As a result, this case is not one of first impression in this circuit requiring the commission's policy expertise or specialized knowledge. The decision in Soppet also demonstrates that the issue is well within the conventional experience of the court. Prater, 45 F. Supp. 3d at 1041 (whether provisions of TCPA have been violated "is within the 'conventional experience of [courts]'"); Shehan, 2014 WL 5529365 at *2 ("'called party' issue is purely a matter of statutory construction (of a non-technical term), which courts are well-equipped to undertake"); Jordan, 2014 WL 5359000 at *8 (courts have ruled consistently on meanings of statutory terms at issue without need to defer to commission).

7

Defendant argues that an agency ruling is needed to ensure uniformity in administration of the Act. However, even if agency guidance would be helpful in this case, it is not clear when or whether the commission will make a decision. Shehan, 2014 WL 5529365 at *3 (finding same). Defendant has not explained the commission's decision making process or timeline with respect to the petitions, and most of the petitions have been pending for more than a year without any action from the commission. In fact, in Heinrichs, one of the cases cited by defendant, the court lifted the six-month stay it had issued because the commission had not ruled on the pending petition and suggested that it may never do so. Jordan, 2014 WL 5359000 at *1. Staying this case indefinitely to await a *possible* ruling that *may* affect the outcome of this case does not promote judicial economy and is unfair to plaintiff, especially when there is well-established law in this circuit. Jordan at *1 ("The obligation of the court to provide a just, speedy and inexpensive determination of this case further weighs against the possible benefits of awaiting an FCC decision on the petitions.").

Finally, it is not clear whether any resulting decision of the commission would affect the outcome of this case, which involves a claim for damages for *past* wrongdoing. Prater, 45 F. Supp. 3d at 1042 (any change by commission in how Act applied would be applied prospectively and not affect plaintiff's claim for damages for past conduct). Further, there are factual issues in this case that the pending petitions will not resolve. The petitions seek guidance on whether one can be liable for calls to reassigned or incorrect numbers when the caller is unaware that the number is incorrect or no longer associated with the debtor. However, plaintiff alleges that defendant had notice that it was calling the wrong number.

Prater, 45 F. Supp. 3d at 1041 ("whether unintentional calls are actionable misstates the allegations of Plaintiff's Complaint in that Plaintiff alleges that Defendants' actions were intentional, at least after Plaintiff allegedly informed Defendants that he was not the intended recipient of their calls"). As a result, even if the commission were to decide that there is a safe harbor for unintentional calls to an incorrect or reassigned number, that decision would not be dispositive in this case.

Because I conclude that defendant has not demonstrated that the primary jurisdiction doctrine should apply in this case, I am denying the motion for stay.

ORDER

IT IS ORDERED that the motion to stay, dkt. #14, filed by defendant Diversified Consultants, Inc., is DENIED. Plaintiff Kristin Helwig's motion for leave to file a surreply, dkt. #22, is DENIED as unnecessary.

Entered this 3d day of April, 2015.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge